1 | LEE TRAN LIANG & WANG LLP
James M. Lee (CA Bar No. 192301)
2 | James.lee@ltlw.com
Enoch H. Liang (CA Bar No. 212324)
3 | enoch.liang@ltlw.com
Lisa J. Chin (CA Bar No. 259793)
4 | lisa.chin@ltlw.com
601 South Figueroa Street, Suite 3900
5 | Los Angeles, CA 90017
Tel: 213-612-8900
6 | Fax: 213-612-3773

7 | Attorneys for Plaintiff
SHOEDAZZLE.COM, INC.
8

FILED
CLERK, U.S. DISTRICT COURT
DEC − 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12

13 | SHOEDAZZLE.COM., INC. a
California corporation,

14 | Plaintiff,

Case No.: CV13-09068 MRW

15 | v.

16 | ACT II JEWELRY, LLC dba LIA
SOPHIA, a Delaware corporation, and
DOES 1 through 10,

**COMPLAINT FOR
DECLARATORY JUDGMENT**

17

18 | Defendants.

19

20

21

22

23

24

25

26

27

28

1    Plaintiff SHOEDAZZLE.COM, INC. (hereinafter "ShoeDazzle.com" or
2  "Plaintiff"), by and through its attorneys, hereby respectfully states as follows for
3  its Complaint against ACT II JEWELRY, LLC dba LIA SOPHIA (hereinafter "Act
4  II Jewelry" or "Defendant"), for a declaratory judgment of non-infringement of
5  Defendant's purported trademarks:

6                            **NATURE OF THE ACTION**

7        1.    This is an action for a declaratory judgment, under the Federal
8  Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of
9  determining an actual question in controversy between the parties with respect to
10 non-infringement of a trademark. The claim alleged herein arises under the
11 Lanham Act, Title 15, United States Code, §§ 1051 *et seq.*

12                          **JURISDICTION AND VENUE**

13       2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C.
14 § 1331, and § 1338.  The Court also has jurisdiction over this action under the
15 Declaratory Judgment Act, 28 U.S.C. § 2201 and 2201, for the purposes of
16 granting the declaratory relief sought herein.

17       3.    This Court has personal jurisdiction over Defendant because, among
18 other things, Defendant conducts or solicits business within this District, has
19 targeted this jurisdiction with the conduct giving rise to this action, and has availed
20 itself of the privilege of doing business in this jurisdiction.  On information and
21 belief, Defendant has numerous "Advisors" based in California that promote,
22 market, and sell its jewelry products to California residents through a direct sales
23 business model.

24       4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391
25 because, among other reasons, Defendant conducted or conducts business in this
26 District or a substantial portion of the events giving rise to this action occurred in
27 this judicial district.

28

                                    COMPLAINT FOR DECLARATORY JUDGMENT

## THE PARTIES

5.      Plaintiff ShoeDazzle.com is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 2301 Rosecrans Avenue, El Segundo, California 90245.

6.      On information and belief, Defendant Act II Jewelry, is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 1325 N. Mittel Blvd., Wood Dale, Illinois 60191.  On information and belief, Defendant Act II Jewelry conducts business under the name "lia sophia."

7.      Plaintiff does not know the true names and capacities of the Defendants named as Does 1 through 10.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of Doe 1 and the other Doe Defendants when they become known.

8.      Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for one another, and was acting within the scope of such agency when engaging in the conduct alleged in this Complaint.

## GENERAL ALLEGATIONS

9.      Since 2009, Plaintiff ShoeDazzle.com has operated a popular ecommerce website engaged in the marketing and sale of footwear, apparel, and accessories on www.shoedazzle.com.

10.     Upon information and belief, Defendant owns and operates the online website www.liasophia.com, which is engaged in the promotion, marketing, and direct sales of jewelry through what it calls "Advisors" or "Jewelry Advisors."  An "Advisor" hosts jewelry parties where the "Advisor" brings friends together to promote and sell the jewelry.

11.     On information and belief, Defendant is the registered owner of U.S. Trademark Registration No. 3,193,032 for the mark "LIA SOPHIA" and

-3-

1  Trademark Registration No. 2,952,808 for the mark "LIA SOPHIA SHARE THE
2  LOVE OF JEWELRY," both for jewelry in International Class 14 ("Defendant's
3  Marks").

4       12.    Upon information and belief, Defendant's use of Defendant's Marks
5  is limited solely to the promotion of jewelry, not footwear or apparel.

6       13.    On or about January 10, 2013, Plaintiff ShoeDazzle.com filed with the
7  United States Patent and Trademark Office ("USPTO") a Section 1(b) intent-to-use
8  Trademark Application for the mark "SOPHIA & LEE" for footwear in
9  International Class 25, Application Serial No. 85/820434 ("Application"). The
10  USPTO published the Application for opposition on March 26, 2013.

11       14.    On April 24, 2013, Defendant filed an Opposition to Plaintiff's
12  Application with the USPTO's Trademark Trial and Appeal Board, claiming that
13  Plaintiff's proposed "SOPHIA & LEE" mark was confusingly similar to
14  Defendant's Marks.

15       15.    On or about October 30, 2013, counsel for Defendant and counsel for
16  Plaintiff discussed Plaintiff's Application via telephone conference. Plaintiff's
17  Counsel asked Defendant's counsel whether Defendant objected to Plaintiff's
18  registration of the proposed SOPHIA & LEE mark, use of SOPHIA & LEE or
19  both. On November 7, 2013, Defendant's counsel informed Plaintiff's counsel via
20  email that his "client objects to both the use and registration."

21       16.    On December 4 and December 6, 2013, Plaintiff's counsel had several
22  conversations with Defendant's counsel.  On those phone calls, Defendant's
23  counsel stated that Defendant considered Plaintiff's use a "matter of infringement"
24  and implied that Defendant would not wait for the Trademark Trial and Appeal
25  Board to resolve the dispute.

26       17.    Since approximately early August 2013, ShoeDazzle.com has used
27  SOPHIA & LEE on its website to promote the sale of footwear, but not of apparel
28  or accessories.

-4-

# CLAIM FOR RELIEF

## Declaratory Relief – No Infringement of Trademark

18.   ShoeDazzle.com realleges and incorporates by this reference each and every allegation in paragraph 1 through 17 of this Complaint.

19.   In light of Act II Jewelry's threats and assertions, ShoeDazzle.com has a reasonable apprehension that Act II Jewelry will file suit against ShoeDazzle.com for alleged trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125 or other applicable law(s).  At a minimum, under the current circumstances, there is a substantial controversy between ShoeDazzle.com and Defendant with adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment—in short, there is an actual case or controversy between the parties.

20.   ShoeDazzle.com denies any and all claims of liability for such alleged violations of Act II Jewelry's trademark rights.  ShoeDazzle.com has not used, and does not use SOPHIA & LEE mark in any manner that is likely to cause confusion or mistake, or to deceive the consuming public as to the source or origin of its product and/or services, nor has it engaged in any acts that give rise to trademark infringement or other liability under 15 U.S.C. §§1114, 1125 or other applicable law(s).

21.   Further, ShoeDazzle.com has not used, and does not use SOPHIA & LEE in any manner that is likely to cause confusion, mistake, or to deceive the consuming public as to the affiliation, connection, association, origin, sponsorship or approval of its product and/or services, nor has it engaged in any acts that give rise to liability under 15 U.S.C. §1125 or other applicable law(s).

22.   An actual, justiciable controversy exists between the parties with respect to ShoeDazzle.com' alleged liability under 15 U.S.C. §§ 1114, 1125 or other related or similar provisions of law.

23.   A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the

1   United States Code is necessary and appropriate at this time so that
2   ShoeDazzle.com may ascertain, with certainty, its liability, if any, to Act II
3   Jewelry, and its rights and duties with respect to SOPHIA & LEE and Defendant's
4   Marks.

5                        **<u>REQUEST FOR RELIEF</u>**

6           Wherefore, ShoeDazzle.com respectfully requests as follows:

7           1.      That the Court determine and declare that ShoeDazzle.com's use of
8   SOPHIA & LEE does not infringe Defendant's Marks or give rise to any liability
9   under the Lanham Act or any other applicable law;

10          2.      That the Court enjoin Defendant, its predecessors, successors in
11  interest, assigns, privies and all others with any claim to the mark, now or in the
12  future, from seeking to prohibit ShoeDazzle.com's current use of SOPHIA & LEE;

13          3.      That the Court award ShoeDazzle.com its costs of suit; and

14          4.      For such other and further relief as the court may deem proper.

15
16  DATED:  December 9, 2013

17                                  LEE TRAN LIANG & WANG LLP

18
19
20                          By
                               _____
                               James M. Lee
21                             Enoch H. Liang
                               Lisa J. Chin
22                             Attorneys for Plaintiff ShoeDazzle.com, Inc.

23
24
25
26
27
28

-6-

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

SHOEDAZZLE.COM, INC. a
*California Corporation*

_____
*Plaintiff(s)*

v.

ACT II JEWELRY, LLC dba LIA SOPHIA a *Delaware*
*Corporation and DOES 1 Through 10,*

_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action **CV 13-09068** MRW

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Act II Jewelry, LLC
1325 N. Mittel Blvd.
Wood Dale, Illinois 60191

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James Lee
Enoch Liang
LEE TRAN LIANG & WANG LLP
601 S. Figueroa Street, Suite 3900
Los Angeles, California 90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: DEC - 9 2013                              _____
*Signature of Clerk or Deputy Clerk*

---

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| ShoeDazzle.com, Inc. | Act II Jewelry, LLC dba lia sophia and DOES 1-10 |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Du Page<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c)** Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.<br>James Lee, Enoch Liang<br>LEE TRAN LIANG & WANG LLP<br>601 S. Figueroa Street, Suite 3900, Los Angeles CA 90017 // 213-612-8900 | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment of Non-Infringement of Trademark

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV13-09068

CV-71 (11/13)                                CIVIL COVER SHEET                                Page 1 of 3

CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | | Western |
|  | ☐ Orange | | Southern |
|  | ☐ Riverside or San Bernardino | | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
|  | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
|  | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: December 9, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |